

**FOR PUBLICATION**

ATTORNEY FOR APPELLANTS:

**TIMOTHY LOGAN**
Benson Pantello Morris James & Logan, LLP
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEES:

**BENJAMIN D. ICE**
**WILLIAM A. RAMSEY**
Murphy Ice & Koeneman, LLP
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| BYRAM E. DICKES, RUTH E. LOGAR, CHRISTOPHER S. SPIRITOSO, GREGORY SPIRITOSO, LINDSEY E. DICKES, DICKES DEVELOPMENT CO., LLC, and, DICKES REAL ESTATE, LLC, | ) ) ) ) ) ) |
| Appellants-Plaintiffs, | ) ) |
| vs. | ) No. 02A03-1206-PL-302 ) |
| RONALD D. FELGER, and SHAMBAUGH, KAST, BECK & WILLIAMS, LLP, | ) ) ) |
| Appellees-Defendants. | ) ) |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Nancy Eshcoff Boyer, Judge
Cause No. 02D01-0903-PL-79

**December 13, 2012**

**OPINION - FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Byram Dickes, Ruth Logar, Christopher Spiritoso, Gregory Spiritoso, Lindsey Dickes, Dickes Development Co., LLC, and Dickes Real Estate, LLC, (collectively, "Plaintiffs") appeal the trial court's grant of summary judgment to Ronald Felger and Shambuaugh, Kast, Beck & Williams, LLP (collectively, "Attorneys"). We affirm.

**Issue**

Plaintiffs raise three issues, which we consolidate and restate as whether the trial court properly determined that their attorney malpractice claim was barred by the statute of limitations.

**Facts**

Felger was an attorney for Fred Dickes for a number of years. An abandoned railroad right-of-way and an interurban right-of-way crossed Fred's property in Allen County. Fred and his wife already owned the interurban right-of-way. In 1995, Felger represented Fred in his efforts to obtain fee simple ownership of the abandoned railroad right-of-way property through a reverter clause in the original right-of-way grant to the railroad. Felger negotiated with the railroad, and a 1995 quitclaim deed purported to transfer ownership of the railroad right-of-way property to Fred. However, the legal description in the deed was apparently the legal description of the interurban right-of-way. Fred died in 2000, and at some point, Fred's properties passed to Plaintiffs.

At some point, Plaintiffs determined that they did not own the abandoned railroad right-of-way, and on March 5, 2009, they filed a complaint against Attorneys for attorney malpractice. Plaintiffs alleged that Attorneys failed to obtain clear and marketable title to

2

real estate as requested by Fred and that Plaintiffs had suffered damage as a result. On August 17, 2010, a pre-trial conference was held, and the trial court issued the following order:

> Court is informed that [Attorneys] intend to file a Motion for Summary Judgment within the next few days. Parties agree that Plaintiffs may have sixty (60) days to respond to Motion for Summary Judgment and during that sixty (60) day period, Ronald D. Felger shall submit to deposition without limitation as to subject matter.

App. p. 12.

On September 10, 2010, Attorneys filed a motion for summary judgment and argued that Plaintiffs' claims were barred by the statute of limitations. Attorneys designated, in part, Felger's affidavit. In response, on November 8, 2010, Plaintiffs filed a motion to strike Felger's affidavit and a motion to compel certain discovery. Plaintiffs also filed a "Verified Trial Rule 5 Filing," which contained certain discovery responses. Id. at 68. Finally, Plaintiffs also filed a designation of evidence in response to Attorneys' motion for summary judgment, which included affidavits from Byram Dickes, Terry Cornelius, James Federoff, and Robert Wartebe and various discovery responses. The "designation" included several hundred pages of documents. Plaintiffs did not file a memorandum in response to Attorneys' motion for summary judgment.

On May 31, 2011, Attorneys filed a reply memorandum in support of their motion for summary judgment. The next day, they also filed a response to the motion to compel, response to the motion to strike, and an amended reply. Attorneys argued, in part, that Plaintiffs' November 2010 response was improper because Plaintiffs failed to properly

3

designate a material issue of fact and failed to submit a memorandum. Attorneys also asked that the trial court strike Plaintiffs' designation. On June 15, 2011, Plaintiffs filed a lengthy memorandum in response to Attorneys' motion for summary judgment. Attorneys responded by filing another motion to strike on June 20, 2011. Attorneys argued that Plaintiffs' memorandum was untimely.

The trial court held a hearing on June 20, 2011, and denied Attorneys' June 20, 2011 motion to strike. The trial court took the other motions to strike and the motion for summary judgment under advisement. On June 1, 2012, the trial court entered an order addressing the outstanding motions. The trial court granted in part and denied in part Plaintiffs' November 2010 motion to strike certain paragraphs of Felger's affidavit. The trial court also granted in part and denied in part Attorneys' June 2011 motion to strike portions of Plaintiffs' designated affidavits. As for the motion for summary judgment, the trial court noted that the statute of limitations was two years and held that Plaintiffs "certainly knew there was both an act of negligence and resulting damage not later than June 30, 2006." Id. at 23. Thus, the March 2009 complaint was barred by the statute of limitations, and the trial court granted summary judgment to Attorneys. Plaintiffs now appeal.

**Analysis**

The issue is whether the trial court properly determined that Plaintiffs' complaint was barred by the statute of limitations. Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56. We liberally construe all designated evidentiary material in a

4

light most favorable to the non-moving party to determine whether there is a genuine issue of material fact. Bradshaw v. Chandler, 916 N.E.2d 163, 166 (Ind. 2009). The party that lost in the trial court has the burden of persuading the appellate court that the trial court erred. Id. Our review of a summary judgment motion is limited to those materials designated to the trial court. Mangold v. Ind. Dep't of Natural Res., 756 N.E.2d 970, 973 (Ind. 2001).

We first address Plaintiffs' argument that the trial court abused its discretion by striking portions of the Terry Cornelius and the Byram Dickes affidavits. The trial court struck paragraphs 24 and 27 of Cornelius's affidavit and all of paragraphs 8, 9, 10, 25, and 27 and portions of paragraphs 19, 26, 29, 33, 34, 37, 42, and 43 of Byram Dickes's affidavit. Plaintiffs do not identify which paragraphs were wrongly stricken, explain why the paragraphs were admissible, or explain how they were prejudiced. A party waives an issue where the party fails to develop a cogent argument or provide adequate citation to authority and portions of the record. York v. Fredrick, 947 N.E.2d 969, 979 (Ind. Ct. App. 2011), trans. denied. Consequently, Plaintiffs have waived this issue due to their failure to make a cogent argument.

Additionally, Attorneys argue that the trial court abused its discretion by denying their motions to strike. According to Attorneys, Plaintiffs' November 2010 filings were improper because they failed to specifically designate issues of material fact, and Plaintiffs' June 2011 filings were improper because they were untimely. However, we need not address Attorneys' arguments because, even if we consider Plaintiffs' filings, we conclude that the trial court properly granted summary judgment to Attorneys.

5

The statute of limitations for a claim of legal malpractice is two years. Ind. Code § 34-11-2-4. "Further, legal malpractice actions are subject to the 'discovery rule,' which provides that the statute of limitations does not begin to run until such time as the plaintiff knows, or in the exercise of ordinary diligence could have discovered, that he had sustained an injury as the result of the tortious act of another." Biomet, Inc. v. Barnes & Thornburg, 791 N.E.2d 760, 765 (Ind. Ct. App. 2003), trans. denied. "For a wrongful act to give rise to a cause of action and thus to commence the running of the statute of limitations, it is not necessary that the extent of the damage be known or ascertainable but only that damage has occurred." Shideler v. Dwyer, 275 Ind. 270, 282, 417 N.E.2d 281, 289 (1981). Plaintiffs filed their complaint against Attorneys on March 5, 2009. Thus, if Plaintiffs' action accrued before March 5, 2007, the statute of limitations would bar their claim. Attorneys contend that Plaintiffs knew or should have known that they had been injured no later than June 2006.

The designated evidence demonstrates that, in 1995, Felger prepared a deed, which purportedly transferred the abandoned railroad right-of-way to Fred Dickes. However, by 1999, property tax issues regarding the property began appearing. After Fred's death in 2000, Plaintiffs were notified of a class action lawsuit concerning the abandoned railroad right-of-way, issues reappeared concerning the property taxes, and problems with various deeds appeared. According to Felger, he learned of the error in the deed in 2006 and notified Plaintiffs by letter on February 17, 2006. The letter, although confusingly worded, informed Plaintiffs that the 1995 deed concerned the

interurban right-of-way, and that the railroad was determined to be the owner of the abandoned railroad right-of-way in the class action litigation.

In February 2006, Plaintiffs hired attorney Terry Cornelius to investigate or "reconfirm" that the family owned the abandoned railroad right-of-way. App. p. 391. In May 2006, Cornelius wrote to Plaintiffs that he did "not have a favorable resolution to report" and that Felger was not cooperating with him. Id. at 393. Cornelius advised Plaintiffs regarding the prior class action lawsuit regarding the abandoned railroad property, Indiana statutes providing that rights of reversion expire thirty years after the grant, and possible resolutions to the problem, which included negotiating with the "current owner of the land," which was a bicycle trail organization. Id. at 395.

On June 30, 2006, Cornelius informed Plaintiffs that he had ordered a title search, which did not reveal any deed transferring the abandoned railroad right-of-way to Fred Dickes. Cornelius's letter suggested either an expensive declaratory judgment action to determine ownership of the abandoned railroad right-of-way or negotiation with the current owner. On July 12, 2006, Cornelius again wrote to Plaintiffs. He noted that he had not heard from them and that he assumed they did not wish to pursue the litigation. A year later, on July 17, 2007, Byram Dickes wrote to Cornelius. He noted they were still attempting to develop the property and explained his discovery of the 1995 deed from the railroad to Fred Dickes that contained the wrong legal description.

The trial court concluded that Plaintiffs "certainly knew there was both an act of negligence and resulting damage not later than June 30, 2006." Id. at 23. We agree that Plaintiffs here were aware of or could have discovered Attorneys' alleged malpractice by

7

the summer of 2006. Plaintiffs were aware that, despite the 1995 negotiations with the railroad and the deed, they in fact did not own the abandoned railroad right-of-way. Further, they were clearly aware that they had been damaged, as the right-of-way was interfering with their proposed development of the property. Although Plaintiffs were not able to definitively point to the wrong legal description on the deed as Attorneys' exact error until the summer of 2007, they were aware of the issues with Attorneys' work long before that time.

Plaintiffs also argue that the statute of limitations does not bar their claim because of Attorneys' fraudulent concealment. "When the plaintiff obtains information that would lead to the discovery of the cause of action through ordinary diligence, the statute of limitations begins to run, regardless of any fraudulent concealment perpetrated by defendant." Doe v. United Methodist Church, 673 N.E.2d 839, 844 (Ind. Ct. App. 1996), trans. denied. Even if Attorneys' fraudulently concealed their error, Plaintiffs were still aware of the issues by the summer of 2006, and their March 2009 complaint was untimely. Consequently, we conclude that Plaintiffs' claim was barred by the statute of limitations.

## Conclusion

The trial court properly granted summary judgment to Attorneys because Plaintiffs' attorney malpractice claim was barred by the statute of limitations. We affirm.

Affirmed.

BAKER, J., and RILEY, J., concur.