## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 19 2017, 5:29 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANTS, PRO SE

John and Pamela Scuefield Bey
Hammond, Indiana

ATTORNEY FOR APPELLEE, PENNY MAC

Nathan H. Blaske
Graydon Head & Ritchey LLP
Cincinnati, Ohio

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| John Scuefield,<br>*Appellant-Defendant,*<br><br>v.<br><br>Penny Mac Corporation,<br>*Appellee-Plaintiff.* | July 19, 2017<br><br>Court of Appeals Case No.<br>45A03-1601-MF-135<br><br>Appeal from the Lake Circuit Court<br><br>The Honorable George C. Paras, Judge<br><br>Trial Court Cause No.<br>45C01-1307-MF-201 |

**Pyle, Judge.**

## Statement of the Case

[1] John Scuefield ("Scuefield") appeals the trial court's order denying his and his wife's, Pamela Scuefield ("Pamela"), (collectively, "the Scuefields") motion to

set aside a default judgment that foreclosed the mortgage on their property.[1] He argues that the trial court abused its discretion when it denied the Scuefields' motion, but does not cite the relevant standard of review or provide any cogent argument. Due to this violation of the Indiana Appellate Rules, as well as other Appellate Rule violations, we conclude that he has waived his claims on appeal.

[2] We Dismiss.

## Issue

> Whether Scuefield waived his claims by failing to provide cogent argument and abide by the Appellate Rules.

## Facts

[3] On June 18, 2007, the Scuefields executed a mortgage note ("Note") on property in Hammond ("the Property") to Citicorp Trust Bank, FSB ("Citicorp") in exchange for a loan of $175,642.18.[2] The Note provided that the Scuefields were required to pay monthly payments of $1,291.53 to Citicorp and that they would be considered in default on the loan if they did not pay the full monthly payment by each due date. In the event of a default, Citicorp had the

---

[1] Both Pamela and the title holder of the property at the time of the foreclosure proceedings, the Moorish Science Temple of America, were parties below. Pamela signed Scuefield's Appellant's Brief on appeal but never filed an appearance. The Moorish Science Temple of America did not file an appearance or submit a brief. However, pursuant to Indiana Appellate Rule 17(A), "A party of record in the trial court . . . shall be a party on appeal."

[2] The mortgage was recorded on June 28, 2007.

right, pursuant to the Note, to send the Scuefields a written notice of default requiring them to pay the overdue amount by a specified date. If the Scuefields did not pay the overdue amount by that date, Citicorp had the right to require the Scuefields to immediately pay the full balance of the unpaid principal of the loan and all interest owed on that balance. However, it could not enforce that right until 30 days after it mailed or delivered the notice of default to the Scuefields.

[4] The Scuefields subsequently transferred the title to the Property to the Moorish Science Temple of America ("MSTA") on February 29, 2012 but continued to pay the monthly installments owed under the mortgage until April 22, 2012. After April 22, 2012, neither the Scuefields nor the MSTA made any further payments. The outstanding principal balance as of April 22, 2012 was $168,212.16. On July 23, 2012, Citicorp sent a written notice to the Scuefields, notifying them that they were in default on the mortgage and that if they "continue[d] in default for thirty (30) more days," Citicorp could initiate a foreclosure on the Property. (Appellee's App. 56).

[5] Thereafter, Citibank, who had acquired rights to the Note through a merger with Citicorp, assigned the Note to PennyMac on February 28, 2013. On July 25, 2013, PennyMac filed a complaint seeking to foreclose the mortgage on the Property. The Scuefields did not respond to PennyMac's complaint. On May 28, 2014, almost a year later, PennyMac moved for a default judgment under Indiana Trial Rule 55(A). The trial court granted PennyMac's motion for default judgment on May 29, 2014, finding that the Scuefields were in default

on the mortgage and had failed to answer or otherwise respond to PennyMac's complaint. The trial court determined that PennyMac was entitled to a foreclosure decree and ordered that the Property be sold at a Sheriff's sale.

[6] Around a month later, the Scuefields, pro se, filed a "litigation package" that included an affidavit containing questions for PennyMac titled "30 Days to Respond Administrative Remedy Affidavit" and a number of documents referencing the MSTA, including an MSTA "Fraudulent Claim Notice," a "Fraudulent Document Notice," an MSTA "Charter," an MSTA "Assignment and Beneficial Interest," and an MSTA "Affidavit of Office Found." (Appellee's App. 79-99). In the MSTA "Fraudulent Document Notice," the Scuefields argued that the mortgage on the Property was fraudulent, that the Scuefields had "tax exemption and exclusionary status under 501(c)1," and that "[a]ny petitioners that has [sic] or will file for a tax deed is [sic] considered fraudulent which transfers the title and the right to possession of this said property violates trust laws [sic]." (Appellee's App. 85). The nature of the rest of the Scuefields' MSTA documents is not clear. Several documents contain a title page with no argument or substance.

[7] PennyMac filed a motion to strike the documents in the Scuefields' "litigation package," arguing that they were "factually irrelevant," "procedurally improper," and did not "set forth a genuine issue" that was before the court. (Appellee's App. 100-01). The trial court granted the motion to strike on November 17, 2014.

[8]　The following February, the Property was sold at a Sheriff's sale to PennyMac, who was the highest bidder. The Sheriff issued an Indiana Sheriff's Deed for the Property to PennyMac on February 6, 2015.

[9]　Subsequently, the Scuefields again filed several documents with the trial court. They filed a "Fraudulent Document Notice," an MSTA "Charter," and a Moslem Missionary "Warrant and Dispensation Affidavit." (Appellee's App. 109-12). Except for the "Fraudulent Document Notice," which was identical to the "Fraudulent Document Notice" the Scuefields had previously filed, the nature of these documents is again unclear. PennyMac moved to strike the documents, arguing that they contained "an insufficient claim or defense" and "redundant, immaterial, impertinent, or scandalous matter," and the trial court granted the motion. (Appellee's App. 115).

[10]　Around a week later, on May 13, 2015, the Scuefields filed a "Motion to Vacate Eviction and Request a Hearing for Wrongful Adjudication." (Appellee's App. 120). The trial court construed the motion as a motion to set aside judgment and to stay eviction. It granted a stay of the eviction and set a hearing on the motion to set aside judgment for August 13, 2015. In the meantime, the Scuefields filed several more documents, which they titled "Affidavit and Notice of Recission for Fraud," "Response to Foreclosure, Substitution of Party, Summary Judgment; and Appointment of Selling Officer ("Response to Foreclosure")," and an "Affidavit to Support Response to Foreclosure, Substitution of Party, Summary Judgment; and Appointment of Selling Officer." (Appellee's App. 124, 142, 143). In their "Affidavit and Notice of

Recission for Fraud," the Scuefields requested to "rescind" their signatures on the Note. (Appellee's App. 124). According to the Scuefields, Appendage H of the Mortgage allowed them to "request [their] payments back, [their] interest, taxes and upkeep." (Appellee's App. 124). In their "Response to Foreclosure," the Scuefields argued that they had the right to rescind their mortgage pursuant to Section 226.3(h)(1)(ii) of the federal Truth in Lending Act, 15 U.S.C. §§ 1631 *et seq* ("TILA"). PennyMac filed a motion to strike the "Affidavit and Notice of Recission for Fraud" under Trial Rule 12(F).

[11] The trial court held a hearing on the Scuefields' motion to set aside judgment and PennyMac's motion to strike on August 13, 2015. At the hearing, the Scuefields argued that the default judgment should be set aside because they had rescinded their mortgage in June 2015 under the TILA. At one point, PennyMac's attorney asked Scuefield whether he would agree that, after PennyMac's foreclosure complaint had been filed in July 2013, he had been served on August 1. Scuefield replied that he "wouldn't disagree." (Tr. 17). At the conclusion of the hearing, the trial court took the matters under advisement. Then, on January 12, 2016, the trial court entered a general denial of the Scuefields' motion to set aside judgment, as well as an order granting PennyMac's motion to strike. Scuefield now appeals.

## Decision

[12] On appeal, Scuefield appears to argue that the trial court abused its discretion in denying the Scuefields' motion to set aside judgment. Specifically, he argues that the "judgment of the Lake County Circuit Court should be reversed," that

he should receive "$97,158.98 [] in recoupment," and that he should be able to keep the Property.[3] (Scuefield's Br. 35). However, he does not specify any procedural grounds for reversing the court or a standard of review we should use.

[13] At the outset, we note that Scuefield has chosen to proceed pro se. It is well-settled that pro se litigants are held to the same legal standards as licensed attorneys. *Basic v. Amouri*, 58 N.E.3d 980, 983 (Ind. Ct. App. 2016), *reh'g denied.* This means that pro se litigants are bound to follow the established rules of procedure and must be prepared to accept the consequences of their failure to do so. *Id.* at 983-84. These consequences include waiver for failure to present cogent argument on appeal. *Id.* at 984. While we prefer to decide issues on the merits, where the appellant's noncompliance with appellate rules is so substantial as to impede our consideration of the issues, we may deem the alleged errors waived. *Id.* We will not become "'an advocate for a party, or address arguments that are inappropriate or too poorly developed or expressed to be understood.'" *Id.* (quoting *Perry v. Anonymous Physician 1*, 25 N.E.3d 103, 106 n.1 (Ind. Ct. App. 2014), *trans. denied*, *cert. denied*).

[14] PennyMac asks that we deem Scuefield's arguments waived because he fails to cite to the record in his brief. We agree with PennyMac that Scuefield's Brief fails to sufficiently cite to the record, and we have found Scuefield's allegations

---

[3] Scuefield does not explicitly challenge the trial court's grant of PennyMac's motion to strike.

difficult to discern due to his numerous additional violations of the Appellate Rules. First, Scuefield's Statement of the Facts section includes excessive argument and conclusions, in violation of Indiana Appellate Rule 46(A)(6), which "limits the statement of facts to a narrative description of the relevant facts stated in accordance with the appropriate standard of review." Second, Scuefield's Statement of the Case does not lay out the relevant procedural posture of the case as required by Appellate Rule 46(A)(5). In both of these sections, Scuefield fails to cite to relevant portions of the record, which violates Indiana Appellate Rule 46(A), sections 5 and 6(a). The result of these errors is that it is difficult to discern the history of the case and to understand Scuefield's arguments. For example, Scuefield asserts that: "[On] 8/1/2013, [the Scuefields] filed a fraudulent document affidavit, which went unrebutted. . . . 12/30/2014, [the Scuefields] filed another fraudulent document affidavit that went unrebutted." (Scuefield's Br. 8). However, he does not provide any citations to the record to support these claims; nor have we found any evidence of these filings in the Chronological Case Summary.

[15] In addition, pursuant to Appellate Rule 50(A)(2), Scuefield was required to file an Appendix including the "pleadings and other documents from the Clerk's Record in chronological order that are necessary for resolution of the issues raised on appeal." Scuefield filed an Appendix but failed to include many of the necessary pleadings and documents, including documents such as the original complaint and many of the Scuefields' motions and the trial court's

orders.  He also fails to cite to the portions of the record and Appendix he relies upon in his Argument section, in violation of Appellate Rule 46(A)(8)(a).

[16]    Finally, and most importantly, Scuefield's arguments are not cogent.  Appellate Rule 46(A)(8) lists the requirements for the Argument section of an Appellant's Brief, stating:

> (8) *Argument*.  This section shall contain the appellant's contentions why the trial court or Administrative Agency committed reversible error.
>
> > (a) The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning.  Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on, in accordance with Rule 22.
> >
> > (b)  The argument must include for each issue a concise statement of the applicable standard of review.  . . . In addition, the argument must include a brief statement of the procedural and substantive facts necessary for consideration of the issues presented on appeal, including a statement of how the issues relevant to the appeal were raised and resolved by an Administrative Agency or trial court.

Scuefield fails to identify how the trial court committed reversible error in denying his Trial Rule 60(B) motion to set aside default judgment.  Indeed, he does not even mention Trial Rule 60(B) in his Appellant's Brief or provide the standard of review for a denial of a Trial Rule 60(B) motion.  In addition, he

fails to cite to the portions of the record and Appendix he relies upon in his Argument section, in violation of Appellate Rule 46(A)(8)(a).

[17] Scuefield's failure to comply with the Appellate Rules, and especially to provide cogent argument, impedes our ability to provide a meaningful review of his claims. As a result, we conclude that he has waived all issues in this appeal. *Dickes v. Felger*, 981 N.E.2d 559, 562 (Ind. Ct. App. 2012) ("A party waives an issue where the party fails to develop a cogent argument or provide adequate citation to authority and portions of the record."); *See Ramsey v. Review Bd. of Ind. Dep't Workforce Dev.*, 486, 490 (Ind. Ct. App. 2003). Accordingly, we dismiss this appeal.

[18] Dismissed.

Baker, J., and Mathias, J., concur.