## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 10 2018, 9:03 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald E.C. Leicht
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Katherine Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

John Bush,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

January 10, 2018

Court of Appeals Case No.
34A04-1709-CR-2064

Appeal from the Howard Circuit
Court

The Honorable Lynn Murray,
Judge

Trial Court Cause No.
34C01-1506-F4-84

**Robb, Judge.**

# Case Summary and Issue

[1] John Bush pleaded guilty to burglary, a Level 5 felony, and was sentenced to two years executed and four years suspended to probation. Pursuant to the plea agreement, the placement of the executed portion of Bush's sentence was left open to the trial court's discretion and the court ordered Bush's sentence be served at the Indiana Department of Correction ("DOC"). Bush now appeals his placement, raising a single issue for our review which we restate as whether Bush's placement is inappropriate in light of the nature of his offense and his character. Concluding Bush's placement is not inappropriate, we affirm.

# Facts and Procedural History

[2] On June 22, 2015, the State charged Bush with burglary, a Level 4 felony, stemming from a break-in which occurred on June 4. On July 19, Bush pleaded guilty to the lesser-included charge of burglary, a Level 5 felony, pursuant to a plea agreement which provided for a six-year sentence with two years executed and four years suspended. The placement of the executed portion of Bush's sentence was left to the trial court's discretion.

[3] At the sentencing hearing on August 17, 2017, the State presented evidence and argument in favor of Bush serving the entirety of his two-year sentence in the DOC. Bush requested in-home detention. Following argument, the trial court stated:

[T]he sentence in this case was by agreement with the State of Indiana and you pled guilty in return for the benefit of a lesser included offense, a Level 5 instead of a Level 4, which is burglarizing a residence, which it was in this case. Also, you benefitted in pleading guilty by getting a cap on the two years of executed time so, you know, pleading guilty is viewed as a mitigating circumstance. I give it low weight in this case. You received a substantial benefit by doing so. You also received a substantial benefit when your attorney . . . was able to negotiate on your behalf early in this case so you could be released from jail so that you could go to drug rehab, and I agreed to that. I know you did post a bond and Home With Hope [sic] but you know you were not able to comply with those rules there and relapsed. Your criminal history is extensive. Really the two years minimum of executed time is pretty generous in light of past attempts to try to rehabilitate you so you're not committing crimes. You have a, between Indiana and California convictions, seven prior felony convictions, five prior misdemeanor convictions as well as several pending matters out of California that have not yet been resolved. Attempts, some of those offenses have been also related to taking property . . ., any time in which sentences it appears that such as in 2014, that was largely suspended, that you violated probation and your probation was revoked and you had to serve your entire sentence. I don't see where in-home [detention] is really an option in Johnson County and Greenwood in your case, that prior opportunities when you haven't been able to follow the rules. I'm going to find that the two years . . . should be executed in the Department of Corrections [sic].

Transcript at 25-26. Bush now appeals.

# Discussion and Decision

## I. Abuse of Discretion

[4] We begin by noting Bush's appellant's brief purports to present two issues for our review, "Was the sentence imposed an abuse of discretion and/or inappropriate." Brief of Appellant at 4. Under the "Argument" section of his brief, Bush frames the first issue as "1.) Abuse of Discretion" before reciting the applicable standard of review. Bush then recites facts from the record pertaining to his credit time, concluding:

> The Trial Court appears to have correctly calculated actual days applicable to the cause on appeal, which trial counsel for Bush acknowledged.

*Id.* at 7. So, although it appears Bush intended to challenge his placement as an abuse of discretion, he provides no such argument. And, to the extent Bush challenges the trial court's calculation of credit time, he concludes by admitting the trial court's number appears to be correctly calculated.

[5] Put simply, not only are we unable to discern a cogent argument from this section of Bush's brief, we are confused by its very presence. Therefore, to the extent Bush intended to raise an abuse of discretion argument, it is waived. *See Dickes v. Felger,* 981 N.E.2d 559, 562 (Ind. Ct. App. 2012) ("A party waives an issue where the party fails to develop a cogent argument or provide adequate citation to authority and portions of the record.").

# II. Rule 7(B)

Bush next argues that his placement at the DOC is inappropriate in light of the nature of his offense and his character. Article VII, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of sentence imposed by the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007). Indiana Appellate Rule 7(B) provides that an appellate court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."

The location where a sentence is to be served is an appropriate focus for our review and revise authority. *Biddinger v. State*, 868 N.E.2d 407, 414 (Ind. 2007). However, a defendant faces a rigorous burden convincing us that a given placement is inappropriate. *Fonner v. State,* 876 N.E.2d 340, 343 (Ind. Ct. App. 2007) (noting "the question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate.").

Regarding the nature of his offense, Bush simply offers, "No one was threatened. No one was harmed physically." Br. of Appellant at 10. While thankfully true, our legislature took into consideration the threat of force and physical harm while drafting the burglary statute, Indiana Code section 35-43-2-1. The statute provides that burglary is a Level 3, Level 2, or Level 1 felony

dependent upon a victim's bodily injury or whether the defendant was armed with a deadly weapon. Furthermore, Bush pleaded guilty to burglary as a Level 5 felony even though Bush burglarized a dwelling, an offense which ordinarily constitutes a Level 4 felony under the statute. Thus, nothing about the nature of Bush's offense leads us to the conclusion that the DOC is an inappropriate placement.

[9] Turning to the character of the defendant, Bush argues, as he did at sentencing, that his medical condition necessitates in-home detention, asking for such placement "[a]t least until my medical stuff is cleared up." Transcript at 21. As is too often the case, Bush's argument focuses on why in-home detention would be more appropriate than placement at the DOC, not why placement at the DOC is inappropriate. That is not our prerogative under Appellate Rule 7(B). *See Fonner,* 876 N.E.2d at 343.

[10] Moreover, even a minor criminal record reflects poorly on a defendant's character. *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). Here, Bush's criminal record consists of seven prior felony convictions, five prior misdemeanor convictions, and a history of probation violations. We find nothing about Bush's character rendering his placement inappropriate.

# Conclusion

[11] We conclude neither the nature of Bush's offense nor his character render his placement inappropriate. Accordingly, we affirm.

[12]    Affirmed.

Crone, J., and Bradford, J., concur.