## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 14 2018, 8:55 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANTS PRO SE

Michael Francis
Carmen Jay Francis
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Anthony M. Zelli
Dinsmore & Shohl LLP
Louisville, Kentucky

IN THE
# COURT OF APPEALS OF INDIANA

Michael Francis, et al.,

*Appellants-Plaintiffs,*

v.

Accubanc Mortgage Corporation,

*Appellee-Defendant.*

September 14, 2018

Court of Appeals Case No.
18A-CT-596

Appeal from the Marion Superior Court

The Honorable Gary L. Miller, Judge

Trial Court Cause No.
49D03-1708-CT-31921

**Bailey, Judge.**

# Case Summary

[1] Pro-se Appellants Michael and Carmen Francis (collectively, "Francis") appeal the denial of a motion to correct error, in which Francis asserted a claim that he had obtained newly-discovered evidence pertinent to his complaint to quiet title, as to Accubanc Mortgage Corporation ("Accubanc"), PNC Bank, N.A. ("PNC"),[1] and other entities, to residential real estate that had been the subject of a mortgage foreclosure. Francis raises three issues, which we consolidate and restate as whether the trial court abused its discretion in denying the motion to correct error. We affirm.

# Facts and Procedural History

[2] Francis previously owned residential property in Marion County, subject to a real estate mortgage held by Accubanc ("the Property"). The facts underlying the disposition of the Property were related in a prior appeal:

> On October 26, 1994, the Francises owned the property at 4904 North Winston Drive in Indianapolis and executed, in Accubanc's favor, the Note (in the amount of $113,200.00) and the Mortgage, granting Accubanc a security interest in the Property. Pursuant to the terms of the Note, the maturity date, on which all outstanding amounts became due and payable, was November 1, 2001. The Mortgage was recorded in the Marion

---

[1] Francis obtained a mortgage from Accubanc. PNC states, in its Appellee's brief, that Accubanc no longer exists, that National City Mortgage Company acquired certain assets of Accubanc in 1999, and that, in 2008, PNC acquired National City Corporation and all its subsidiaries, including National City Mortgage Company. PNC admits that Francis served PNC in this matter but does not admit that PNC is a proper party to the action.

County Recorder's Office on November 1, 1994. Accubanc later assigned the Note to Bank United of Texas, FSB, and, on February 1, 1997, also assigned the Mortgage to Bank United. Washington Mutual Bank, FA, successor by merger to Bank United, assigned the Loan Documents to EMC Mortgage Corporation on December 22, 2003. On August 13, 2013, in response to the Francises' claims that the Mortgage had been assigned to the Federal National Mortgage Association ("FNMA"), FNMA quit-claim assigned any interest it may have had in the Mortgage to EMC Mortgage Corporation ("the 2013 Assignment"). At some point, EMC Mortgage Corporation was succeeded in merger by EMC, and the trial court granted EMC's motion to substitute plaintiff on September 15, 2015.

Meanwhile, the Francises had failed to pay the outstanding balance on the Note when it came due on November 1, 2001. On May 29, 2007, EMC Mortgage Corporation filed a complaint to foreclose on the Mortgage due to the Francises' failure to make payments pursuant to the Note. On September 17, 2007, the Francises filed their answer, affirmative defenses, and counterclaims. On April 9, 2012, EMC Mortgage Corporation filed a motion to strike or for partial summary judgment as to certain claims and a designation of evidence. On May 7, 2012, the Francises filed a praecipe for withdrawal pursuant to Indiana Trial Rule 53.1, and on May 25, 2012, the Indiana Supreme Court vested jurisdiction in Marion Superior Court Judge Timothy W. Oakes. On May 20, 2013, the trial court granted EMC Mortgage Corporation's partial summary judgment motion.

On October 23, 2013, EMC Mortgage Corporation moved for leave to amend its complaint, seeking to incorporate the 2013 Assignment, which motion the trial court granted. On May 28, 2015, EMC Mortgage Corporation filed a summary judgment motion on its complaint. On February 8, 2016, the trial court held a hearing on what was now EMC's summary judgment

motion, at which EMC appeared through counsel and Carmen Jay Francis appeared in person. On February 17, 2016, the trial court granted EMC's summary judgment motion, entered *in rem* judgment against the Property in the sum of $248,709.74, ordered that the Property be sold to satisfy the judgment, and entered judgment in favor of EMC on all of the Francises' remaining counterclaims.

*Francis v. EMC Mortgage, LLC*, No. 49A02-1604-MF-830, slip op. at 3-4 (Ind. Ct. App. Apr. 19, 2017), *trans. denied*.[2]

[3] On August 18, 2017, Francis filed a "Complaint for Lack of Standing to Foreclose, Fraud in the Concealment, Fraud in the Inducement, Unconscionable Contract, Breach of Contract, Breach of Fiduciary Duty, Quiet Title, Slander of Title, and Jury Demand," (Appellee's App. Vol. II, pg. 12.) Francis named as defendants Accubanc, Fannie Mae, EMC Mortgage (a former subsidiary of JP Morgan Chase Bank, N.A.), and Homesales, LLC.[3] On October 10, 2017, Francis moved to file an amended complaint; the trial court denied the motion on October 16, 2017.[4]

---

[2] The Property was sold, and a Sheriff's Deed was issued on February 17, 2017. At some point, Francis became involved in bankruptcy proceedings in the United States Bankruptcy Court, Southern District of Indiana. According to Francis, "there are currently as many as four law firms in related cases all claiming they have authority and interest in Francis' home." Appellant's Brief at 16.

[3] These entities are not active parties to this appeal.

[4] The proposed amended complaint named as new defendants "Does 1 through 100 inclusive, et al" and Charles Nealy, a prior owner of the Property. App. Vol. III, pg. 2.

[4] On October 13, 2017, PNC filed an answer to Francis' complaint and asserted that it claimed no interest in the Property. On October 30, 2017, Fannie Mae, JP Morgan Chase Bank, N.A., and Homesales, LLC (hereinafter "Co-Defendants") filed a motion to dismiss Francis' complaint on grounds that the claims are barred under principles of *res judicata*. On October 31, 2017, the trial court granted the Co-Defendants' motion to dismiss and ordered that each of the Co-Defendants be dismissed from the action, with prejudice.

[5] On November 29, 2017, Francis filed a motion to correct error claiming that the trial court erred in granting the motion to dismiss before Francis could respond. The motion to correct error was denied on December 4, 2017.

[6] On December 1, 2017, PNC filed a motion for judgment on the pleadings, contending that Francis' claims are barred under principles of *res judicata* and are also time-barred. PNC again asserted that it claimed no interest in the Property. On December 28, 2017, Francis filed a document in opposition to PNC's motion. The trial court granted PNC's motion for judgment on the pleadings on January 8, 2018.

[7] On January 23, 2018, Francis filed a praecipe for withdrawal, seeking reassignment of the case on grounds that the trial court had failed to timely rule on the motion for judgment on the pleadings. On January 25, 2018, the Chief Administration Officer of the Indiana Supreme Court issued a notice to the Clerk of the Marion County Circuit and Superior Courts, notifying the clerk that withdrawal of the submission of the matter from the judge was not

warranted because the trial court had entered its judgment on the pleadings on January 8, 2018.

[8]     On February 7, 2018, Francis filed a "Verified Motion to Correct Errors," again claiming that the trial court had failed to timely rule on the motion for judgment on the pleadings and that the trial court had failed to allow appropriate time for Francis to respond to the Co-Defendants' motion to dismiss. Francis also claimed that he had newly-discovered evidence based upon his call to the Marion County Recorder's Office on January 26, 2018 and upon his re-examination of the Warranty Deed and release of mortgage pertaining to the Property. The trial court denied the motion to correct error on February 20, 2018. This appeal ensued.

# Discussion and Decision

[9]     Indiana Trial Rule 59(A)(1) permits a party to file a motion to correct error to address "newly discovered material evidence … capable of production within thirty (30) days of final judgment which, with reasonable diligence, could not have been discovered and produced at trial[.]" Indiana courts receive motions under Rule 59(A)(1) with "great caution" because a high value has long been placed on the finality of judicial resolutions. *Faulkinbury v. Broshears*, 28 N.E.3d 1115, 1122 (Ind. Ct. App. 2015).

[10]    The decision concerning whether to grant a Trial Rule 59 motion to correct error based on newly discovered evidence is an equitable decision requiring the

court to balance the alleged injustice suffered by the party moving for relief against the interest of the prevailing party and society in the finality of litigation. *Id.* We review the denial of a motion to correct error based on newly discovered evidence for an abuse of discretion. *Id.* The trial court's decision comes to us clothed with a presumption of correctness, and the appellant has the burden of showing an abuse of discretion. *Id.* An abuse of discretion will be found when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Id.*

[11] New evidence requires the trial court to grant a Trial Rule 59 motion to correct error only when the party seeking relief demonstrates that:

> (1)the evidence has been discovered since the trial; (2) it is material and relevant; (3) it is not cumulative; (4) it is not merely impeaching; (5) it is not privileged or incompetent; (6) due diligence was used to discover it in time for trial; (7) the evidence is worthy of credit; (8) it can be produced upon a retrial of the case; and (9) it will probably produce a different result at retrial.

*Id.* at 1125.

[12] Francis claimed to have uncovered evidence of fraud and multiple forgeries. He made many factual allegations, including: a now-defunct title company engineered a fraudulent mortgage agreement in 1994, delinquent taxes were paid from Francis' escrow account without his knowledge or consent, the prior owner of the Property failed to appear at closing and substituted his son to pose as the owner, the deed referenced a non-existent easement, the Sheriff's eviction notice contained possibly forged signatures, Accubanc sold the Property

without proper notice and/or assigned a right to service Francis' mortgage without proper notice, and pertinent chain-of-title records were missing.

[13] Francis claimed to have garnered new information from a Certified Forensic Loan Audit, a title report, and a corresponding examination of closing, pre-closing, and post-closing documents. He also described having communicated with the personnel of the Marion County Recorder's Office and the Marion County Sheriff's records custodian regarding the Property. Francis did not assert facts to show that due diligence was used to discover the evidence prior to the judgment of foreclosure or that he was prevented from a thorough examination of the relevant documents before he initiated his complaint attacking the foreclosure. Accordingly, the alleged newly-discovered evidence did not satisfy the due diligence requirement and the trial court did not abuse its discretion by refusing to grant a motion to correct error based on newly-discovered evidence.

[14] In addition to his claim of newly-discovered evidence, Francis has made some assertions of procedural error. First, he directs our attention to Indiana Trial Rule 53.1, which addresses a trial court's failure to rule upon a motion. Subsection (A) provides:

> In the event a court fails for thirty (30) days to set a motion for hearing or fails to rule on a motion within thirty (30) days after it was heard or thirty (30) days after it was filed, if no hearing is required, upon application by an interested party, the submission of the cause may be withdrawn from the trial judge and transferred to the Supreme Court for the appointment of a special judge.

Francis has also drawn attention to the fact that the trial court's January 8, 2018 entry of judgment upon a December 1, 2017 motion took place a few days outside the thirty-day window of time contemplated by the foregoing rule. As best we can discern, Francis takes the position that (1) the operation of Rule 53.1(A) is not limited to a failure to rule, but also encompasses an untimely ruling, and (2) he has an affirmative right to withdrawal of the case and appointment of a new trial judge upon showing that an untimely ruling was made. He does not, however, provide reasoning to support the proposition that a litigant may await an unfavorable outcome and then seek withdrawal of the case.

Indiana Appellate Rule 46(A)(8)(a) requires:

> The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on, in accordance with Rule 22.

Francis's failure to comply with the foregoing waives his issue for appellate review. *See Dickes v. Feiger*, 981 N.E.2d 559, 562 (Ind. Ct. App. 2012). *See also Thacker v. Wentzel*, 797 N.E.2d 342, 345 (Ind. Ct. App. 2003) (clarifying that we will not become an advocate for a party and will not address arguments that are inappropriate, too poorly developed, or so improperly expressed that they cannot be understood).

[17]     Francis also asserts that he was deprived of a right to amend his complaint pursuant to Indiana Trial Rule 15(A). In relevant part, this rule provides:

> A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted, and the action has not been placed upon the trial calendar, he may so amend it at any time within thirty [30] days after it is served.

[18]     Francis observes that there is "powerful Indiana policy," Appellant's Brief at 49, supporting amendment of pleadings so that matters at issue before the trial court may be developed. He cites to *Huff v. Travelers Indemnity Co.*, 266 Ind. 414, 363 N.E.2d 985 (1977) as a principal decision evincing the policy.[5] However, his attempt to direct our attention to reversible error in this case falls short. The entirety of his argument addressing the operation of the rule under the particular circumstances of his case is as follows:

> The Trial Court sent no notices to parties nor were their [sic] timely entries for extension of time to rule on Appellee's "Motion for Judgment on the Pleadings" made in the trial Court's CSR. Judicial error is not grounds for equitable relief, but where a litigant's right of appeal is hindered or destroyed through an error of an officer of the court, such destruction of the Trial Court, equity will grant relief.

---

[5] The *Huff* Court observed: "a pleading may be amended once as a matter of course within thirty days after service of the pleading." 266 Ind. at 419; 363 N.E.2d at 989.

Appellant's Brief at 50. Again, we conclude that Francis failed to comply with the requirements of Appellate Rule 46(A)(8)(a). He failed to support his contention of procedural error or deprivation of due process with cogent reasoning and appropriate citations to the record and has waived the issue for appellate review. *Dickes*, 981 N.E.2d at 562.

[19] Finally, Francis contends that the trial court erroneously denied his motion to correct error before PNC had an opportunity to respond. Again, his argument is concise, providing in its entirety:

> Rule 6(C) in part said that a responsive pleading required under the rules shall be served within 20 days. It's a reversible error for a trial court to enter a final order prior to the expiration of the twenty days allowed to the defendants [plaintiff] for filing an answer, . . . But the court does not lose jurisdiction to act, and it may enter a mandamus order before the twenty days have expired, when the facts show that defendants [plaintiff's] attorney appeared and provided active representation for the defendants [plaintiffs] and its position. … There is no proof Plaintiff requested an enlargement of time by court order or extension.

Appellant's Brief at 50-51 (citations omitted).

[20] To the extent that Francis suggests that a responsive pleading to a motion to correct error is required and governed by the time limitations of Indiana Trial

Rule 6(C),[6] he has developed no corresponding argument with citation to relevant authority.  We remain unconvinced that the trial court committed procedural error in this regard.

# Conclusion

Francis has not demonstrated that the trial court abused its discretion in denying the motion to correct error.

Affirmed.

Mathias, J., and Bradford, J., concur.

---

[6] Indiana Trial Rule 6(C) provides in part:  "A responsive pleading required under these rules, shall be served within twenty [20] days after service of the prior pleading.  Unless the court specifies otherwise, a reply shall be served within twenty [20] days after entry of an order requiring it."